IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONICA NICULCEA,** | : | CIVIL ACTION NO. 1:17-CV-2096 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **STONE RIDGE TOWNE CENTER,** | : | |
| | : | |
| Defendant | : | |

# ORDER

AND NOW, this 24th day of March, 2020, upon consideration of the report (Doc. 48) of Magistrate Judge Karoline Mehalchick, recommending that the court deny defendant Stone Ridge Towne Center's motion (Doc. 41) to dismiss as to *pro se* plaintiff Monica Niculcea's claim under the Americans with Disabilities Act ("ADA"); grant the motion as to Niculcea's claims under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act ("Title VII"), and the Genetic Information Nondiscrimination Act ("GINA"); and grant Niculcea leave to amend as to her ADEA, Title VII, and GINA claims, and the court noting that Stone Ridge Towne Center lodged an objection (Doc. 49) to the report, see FED. R. CIV. P. 72(b)(2), and that Niculcea filed a response (Doc. 52) thereto,[1] and following *de novo* review of the contested portions of the report, E.E.O.C. v. City of Long Branch, 866

---

[1] Stone Ridge Towne Center asks the court to reject Niculcea's response to its objection, arguing that the response was filed more than 14 days after the objection was docketed. (See Doc. 53). Mindful of Niculcea's *pro se* status, and noting that Niculcea apparently believed her responsive obligation was satisfied when she filed a second amended complaint, we will exercise our discretion to accept and consider her response to Stone Ridge Towne Center's objection.

F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court finding Judge Mehalchick's analysis to be well-reasoned and fully supported by the record and the applicable decisional law, and agreeing with Judge Mehalchick that curable amendment is conceivable as to the claims for which dismissal is recommended, such that granting Niculcea one final opportunity to amend is appropriate, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), and the court thus finding Stone Ridge Towne Center's objection (Doc. 49) to be without merit for the reasons set forth in the report and herein,[2] it is hereby ORDERED that:

1. The report (Doc. 48) of Magistrate Judge Mehalchick is ADOPTED.

2. Stone Ridge Towne Center's motion (Doc. 41) to dismiss is GRANTED to the extent that Niculcea's claims under the ADEA, Title VII, and the GINA are DISMISSED without prejudice. The motion (Doc. 41) is DENIED as to Niculcea's claim under the ADA.

3. Niculcea is GRANTED leave to amend her pleading, and the second amended complaint (Doc. 50) is ACCEPTED as filed. No further leave to amend shall be granted.

4. Stone Ridge Towne Center shall respond to Niculcea's second amended complaint in accordance with the Federal Rules of Civil Procedure.

---

[2] In response to the recommendation that leave to amend be granted, Niculcea filed a second amended complaint (Doc. 50) before the court had an opportunity to adopt or reject the report's recommendations. Stone Ridge Towne Center then filed supplemental objections contending that Niculcea's amended pleading confirms that leave to amend would be futile. We find that the best and most procedurally appropriate course is to adopt Judge Mehalchick's report, grant leave to amend one final time, and allow Stone Ridge Towne Center to test the sufficiency of the second amended complaint via Rule 12 motion practice.

5.  Niculcea's motion (Doc. 43) to "squash and dismiss" Stone Ridge Towne Center's brief in support of its motion to dismiss is DENIED.

6.  This matter is REMANDED to Judge Mehalchick for further pretrial management.

                                         /S/ CHRISTOPHER C. CONNER
                                         Christopher C. Conner, Chief Judge
                                         United States District Court
                                         Middle District of Pennsylvania