IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONICA NICULCEA,** | CIVIL ACTION NO. 1:17-CV-2096 |
| Plaintiff | (Judge Conner) |
| v. | |
| **STONE RIDGE TOWNE CENTER,** | |
| Defendant | |

# ORDER

AND NOW, this 19th day of November, 2020, upon consideration of the report (Doc. 70) of Magistrate Judge Karoline Mehalchick, recommending that we grant defendant's motion (Doc. 56) to dismiss as to *pro se* plaintiff Monica Niculcea's claims under the Age Discrimination in Employment Act ("ADEA") and Genetic Information Nondiscrimination Act ("GINA") but deny the motion as to Niculcea's claim under Title VII of the Civil Rights Act ("Title VII"), and wherein Judge Mehalchick also recommends that we deny further leave to amend since Niculcea has had several opportunities to try to cure her pleading deficiencies, (see Doc. 70 at 7-12), and the court noting that both parties have lodged objections (Docs. 71, 73)[1] to

---

[1] Niculcea styles her filing as a "motion in response to judge's finding recommendations in support of age discrimination ('ADEA') claim and Genetic Information non Discriminatin [sic] Act of 2008 ('GINA') claim." (Doc. 73 at 3). We construe this filing as Niculea's objections to the report. See FED. R. CIV. P. 72(b)(2).

the report, see FED. R. CIV. P. 72(b)(2), and have also filed briefs (Docs. 74, 76)[2] responding to the opposing party's objections, and following *de novo* review of the contested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court finding Judge Mehalchick's analysis to be well-reasoned and fully supported by the record and the applicable decisional law, and agreeing that further leave to amend would be futile and cause undue delay in that this matter is now three years old and already proceeding on a second amended complaint, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), and the court

---

[2] Niculcea styles this filing as a "memorandum of law to dismiss and squash defendant memorandum of law . . . and in response to the magistrate judge's reports and recommendation." (Doc. 76). Defendant contends that this filing—whether considered a brief opposing defendant's objection, a reply brief in further support of Niculcea's own objection, or both—is untimely. (See Doc. 77). Mindful of Niculea's *pro se* status, the court will accept the late-filed brief and consider the arguments raised therein.

finding the parties' objections (Docs. 71, 73) to be without merit for the reasons set forth in the report and herein,[3] it is hereby ORDERED that:

1. The report (Doc. 70) of Magistrate Judge Mehalchick is ADOPTED.

2. Defendant's motion (Doc. 56) to dismiss is GRANTED to the extent that Niculcea's claims under the ADEA and GINA are DISMISSED. The motion (Doc. 56) is DENIED as to Niculcea's claim under Title VII.

3. Defendant shall respond to Niculcea's second amended complaint in accordance with the Federal Rules of Civil Procedure.

4. This matter is REMANDED to Judge Mehalchick for further pretrial management.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[3] We agree with Judge Mehalchick that Niculcea has sufficiently alleged, for purposes of Rule 12(b)(6), that she was treated less favorably than one or more similarly situated employees outside of her protected class. Whether the identified comparator employees are in fact similarly situated will be borne out in discovery and can be thoroughly assessed at the Rule 56 stage. We also agree that Niculcea has failed to state ADEA or GINA claims for which relief can be granted. Despite several attempts to amend her pleading, Niculcea has failed to allege facts sufficient to make out a claim under either statute. Moreover, to the extent Niculcea asks the court to consider various exhibits attached to her briefing as supplements to her factual allegations, we may not do so. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).